UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

2670 WEST RIDGE ROAD, LLC,

      Debtor-Appellant,   DECISION & ORDER

  -vs-           10-CV-6095-CJS

REAL ESTATE ASSET PURCHASE
CORPORATION,

      Creditor-Appellee.

---

## APPEARANCES[1]

| | |
|---|---|
| For Debtor: | David H. Early, Esq.<br>Trevett Cristo Salzer & Andolina P.C.<br>Two State Street, Suite 1000<br>Rochester, New York 14614<br>585-454-2181 |
| For Creditor: | Gregory J. Mascitti, Esq.<br>Nixon Peabody LLP<br>Gregory J. Mascitti<br>1100 Clinton Square<br>Rochester, NY 14614<br>585-263-1000 |

## INTRODUCTION

**Siragusa, J.** This Bankruptcy case is before the Court on Debtor 2670 West Ridge Road, LLC's ("Debtor") appeal from the order of the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court"), dated December 17, 2009. The Bankruptcy Court lifted an automatic stay imposed by the filing of Chapter a 11 Bankruptcy petition by Debtor pursuant to 11 U.S.C. § 362(a) ("§ 362").

---

[1] The Trustee, Kathleen Schmitt, Esq., did not enter an appearance for this appeal.

Creditor Real Estate Asset Purchase Corporation ("REAPC") seeks to proceed with a foreclosure sale of the property located at and associated with 2670 West Ridge Road, LLC ("the Property") pursuant to the relief from stay under 11 U.S.C. § 362(d)(2). For the reasons stated below, the Bankruptcy Court's decision is affirmed.

## FACTUAL BACKGROUND

The Debtor filed a petition of Bankruptcy under Chapter 11 on August 5, 2009. At that time, an automatic stay was issued against a foreclosure action previously instituted by REAPC on August 19, 2008. That foreclosure action was brought against Debtor in regard to the REAPC mortgage secured by the Property. On October 16, 2009, REAPC filed a motion in the Bankruptcy Court seeking relief from the stay. On December 14, 2009, an evidentiary hearing was held on that motion, before the Honorable John C. Ninfo, II, U.S. Bankruptcy Judge. The focus of that hearing was on whether a feasible reorganization plan existed that would allow Debtor to avoid the foreclosure action. On December 17, 2009, the Bankruptcy Court entered an order terminating the automatic stay, thus allowing REAPC to proceed with the foreclosure sale of the Property. Debtor appealed to this Court on February 24, 2010.

At the December 14, 2009, evidentiary hearing before Judge Ninfo, the following pertinent facts were developed. REAPC's mortgage was secured by the Property. The total amount of the claim under the foreclosure action was in excess of $3,000,000, including a prepayment premium in the amount of $412,639. Appraisals of the property done by both parties established that it had a value between $1,200,000 (REAPC's appraisal) and $1,330,000 (Debtor's appraisal).

Both parties acknowledged that the Debtor had no equity in the Property. Both parties also acknowledged that the Property was the only asset of Debtor 2670 West Ridge Rd, LLC. The Property was generating rental income in the amount of $12,000 per month. Debtor asserted that the property could generate $20,000 per month in rental income in the future. This was based on a new lease of part of the property to Sleep City as well as an amendment of an existing lease with Monroe Oxygen. Debtor asserted that the cost of repairs and maintenance on the property was $4,900 per year. Debtor asserted a bottom line rent roll[2] of $235,000 per year. Debtor acknowledged that based on the payments it would be obligated to make to Monroe County, unsecured creditors, and REAPC under its reorganization plan, it would have a cash shortfall during the first year of $47,600.

Debtor proposed covering that shortfall by contribution of future income from a limited liability company ("LLC"), located at the Property, in monthly supplemental payments of $4,000. The LLC was a dental practice whose sole member[3] was Dr. Robert Fallone, Jr. Debtor asserted that the net income of the LLC for the months of January through November 2008 had been $322,000 and that it had documents verifying that income. Debtor did not produce any evidence of the assets and liabilities of the dental practice, nor did Debtor produce any evidence of projected future income amounts for the dental practice. Debtor asserted that Dr. Fallone would be willing to sign a deed in lieu of foreclosure on the 2670 West Ridge Rd property, to be held in

---

[2] The parties do not define this term. The Court assumes rent roll to mean "the total income arising from rented property" as defined by COLLINS ENGLISH DICTIONARY *available at* http://dictionary.reference.com/browse/rent-roll (2009).

[3] The parties do not describe the makeup of 2670 West Ridge Rd., LLC. The Court assumes, based on the papers, that Dr. Fallone is the sole shareholder of the limited liability corporation.

escrow and recorded in the event of default. Debtor offered no additional collateral under the reorganization plan. Additionally, Dr. Fallone offered no collateral under the reorganization plan to secure his obligation to fund the cash shortfall. (Excerpts from the transcript of Bankruptcy Hearing held 12/14/09 (Docket No.2, 1-37).)

## STANDARDS OF LAW

*Standard of Review on Appeal*

Federal district courts have jurisdiction to hear appeals from final judgments, orders and decrees from U.S. Bankruptcy Court.

> There are three possible routes of appeal from orders of bankruptcy judges under 28 U.S.C. § 158: (1) to the district courts; (2) to a panel of three bankruptcy judges, who are members of the bankruptcy appellate panel service created by the circuit judicial councils pursuant to 28 U.S.C. § 158(b)(1), if the district court judges for the district have authorized the referral of appeals, and if the parties to the appeal consent; or (3) directly to the court of appeals if certain rather detailed statutory criteria are satisfied.

1-5 Collier on Bankruptcy P 5.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).[4]

As the Second Circuit held in *Capital Communs. Fed. Credit Union v. Boodrow* (*In re Boodrow*), 126 F.3d 43 (2d Cir. 1997):

> A bankruptcy court has discretion in determining whether to lift the automatic stay. *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990). We thus review the bankruptcy court's denial of Capital's motion for abuse of discretion. *See id*.

*Id*., at 47.

---

[4] "Bankruptcy Appellate Panel Service within the Second Circuit commenced on July 1, 1996, but was terminated by Order of the Judicial Council of the Second Circuit on June 30, 2000." *In re Carrozella & Richardson*, 259 B.R. 239, 240 n.4 (Bkrtcy. D.Conn. 2001). Thus, all appeals from Bankruptcy Court come to the District Court for adjudication.

*Standard for Lifting the Stay*

In pertinent part, U.S.C. § 362(d) reads:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (2) with respect to a stay of an act against property under subsection (a) of this section, if—

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization…

*In re MHS Mgmt. Group, LLC*, No. 08-63116, 2009 Bankr. LEXIS 3580, *13 (N.D.N.Y. Oct. 26, 2009). A creditor has the burden of establishing that the debtor has no equity in the property, "the burden [then] shifts to the debtor to prove that the property is 'necessary to an effective reorganization.'" *Id.* at 13 (quoting 11 U.S.C. § 362).

## ANALYSIS

Applying the standard articulated in 11 U.S.C. § 362 to the reorganization plan proposed by Debtor at the evidentiary hearing, the Court, upon a *de novo* review, finds that the Bankruptcy Court properly applied the law. Furthermore, the Court finds that the Bankruptcy Court did not abuse its discretion when it concluded that the undisputed facts established at the evidentiary hearing were sufficient to find that the property at 2670 West Ridge Rd was "not necessary to an effective reorganization." 11 U.S.C. § 362(2)(B).

Under the first prong of the § 362(d)(2) test, the record clearly demonstrates, and both parties agree, that Debtor has no equity in the property. Under the second prong of the test, the question of whether the property was necessary to the reorganization plan is largely based on the feasibility of the contemplated reorganization plan. *See In re*

*Kent Terminal Corp.*, 166 B.R. 555, 560 (Bankr. S.D.N.Y. 1994) ("the applicable test for relief from stay under 362(d)(2)(B) is feasibility, *i.e.*, that confirmation of a plan is practical and reasonable"). In evaluating feasibility, a Bankruptcy Court judge must find the reorganization plan is grounded in more than speculative assertion. *Id.* at 562.

Judge Ninfo did not make a finding about the future rental income revenue at the property, but accepted, *arguendo,* that all proffers made about such revenue were true. He then identified the issue of the acknowledged cash shortfall as central to the question of feasibility of the reorganization plan. To that end, he did not rule that, as a matter of law, such a cash shortfall could *never* be compensated for by contributions of a third party, as Debtor appears to suggest in its papers. Case law supports the conclusion that in some instances such a solution is acceptable to the courts. *See In re 68 West 127 Street, LLC.,* 285 B.R. 838 (Bankr. S.D.N.Y. Nov. 19, 2002) (where Debtor's principals would purchase the property in question for fair value, with the purchase monies going to satisfy claims including Creditor's mortgage claim, and that third party contribution was found to satisfy the feasibility requirement of the reorganization plan and stay the foreclosure proceeding). This Court finds that it was well within Judge Ninfo's discretion to find, as he did, that given the evidence presented about this particular third party contribution, it did not meet the feasibility requirement.

Judge Ninfo relied primarily on the fact that Debtor failed to "indicate on a balance sheet basis, or otherwise, that Dr. Fallone had a positive net worth," and that Dr. Fallone offered no collateral or bond to secure his promise that his dental business income could, and would, cover the cash shortfall. *In re 2670 W. Ridge Rd. LLC*, No. 09-22062, 431 B.R. 12, 16–17 (Bankr. W.D.N.Y. 2010). Judge Ninfo concluded, and

*Kent Terminal Corp.*, 166 B.R. 555, 560 (Bankr. S.D.N.Y. 1994) ("the applicable test for relief from stay under 362(d)(2)(B) is feasibility, *i.e.*, that confirmation of a plan is practical and reasonable"). In evaluating feasibility, a Bankruptcy Court judge must find the reorganization plan is grounded in more than speculative assertion. *Id.* at 562.

Judge Ninfo did not make a finding about the future rental income revenue at the property, but accepted, *arguendo,* that all proffers made about such revenue were true. He then identified the issue of the acknowledged cash shortfall as central to the question of feasibility of the reorganization plan. To that end, he did not rule that, as a matter of law, such a cash shortfall could *never* be compensated for by contributions of a third party, as Debtor appears to suggest in its papers. Case law supports the conclusion that in some instances such a solution is acceptable to the courts. *See In re 68 West 127 Street, LLC.,* 285 B.R. 838 (Bankr. S.D.N.Y. Nov. 19, 2002) (where Debtor's principals would purchase the property in question for fair value, with the purchase monies going to satisfy claims including Creditor's mortgage claim, and that third party contribution was found to satisfy the feasibility requirement of the reorganization plan and stay the foreclosure proceeding). This Court finds that it was well within Judge Ninfo's discretion to find, as he did, that given the evidence presented about this particular third party contribution, it did not meet the feasibility requirement.

Judge Ninfo relied primarily on the fact that Debtor failed to "indicate on a balance sheet basis, or otherwise, that Dr. Fallone had a positive net worth," and that Dr. Fallone offered no collateral or bond to secure his promise that his dental business income could, and would, cover the cash shortfall. *In re 2670 W. Ridge Rd. LLC*, No. 09-22062, 431 B.R. 12, 16–17 (Bankr. W.D.N.Y. 2010). Judge Ninfo concluded, and

case law in this Circuit makes clear, that under these circumstances the reorganization plan is not feasible because it relies on speculation. *See In re Garsal Realty, Inc.*, 98B.R. 140, 156 (Bankr. N.D.N.Y. Feb. 17, 1989) (the self-serving, unsupported testimony of [Debtor's principal] that she could commit her own funds … cannot be given any credibility by the Court inasmuch as there is no documentary or testimonial proof substantiating her purported assets. Such "speculations totally fail to meet [Debtor's] burden of proof under Code § 362"). Therefore, Judge Ninfo did not abuse his discretion in lifting the stay.

## CONCLUSION

Judge Ninfo's decision, *In re 2670 W. Ridge Rd. LLC*, 431 B.R. 12, 16–17 (Bankr. W.D.N.Y. 2010), lifting the stay is affirmed.

IT IS SO ORDERED.

Dated: September __2__, 2010
        Rochester, New York

    ENTER:                               /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge